UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| LATWAUNE CHILDRESS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUISVILLE-JEFFERSON COUNTY ) <br> METRO GOVERNMENT, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 3:21–CV–670–CHB <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss For Failure to State a Claim filed by Defendant Louisville Metro Department of Corrections ("LMDC"), [R. 5]. Childress responded to the Motion, [R. 6], and LMDC replied, [R. 8]. This matter is fully briefed. For the reasons set forth herein, the Court will grant LMDC's Motion to Dismiss.

I. **BACKGROUND**

Childress's Complaint alleges the following facts. On November 19, 2020, and while under the leadership of Dwayne Clark, Director of the LMDC, LMDC employees Christopher Brown, Tracy Morgan, Benjamin Bowman, and Turhan Knight were charged with transporting Childress, a pre-trial detainee, to a legal hearing. [R. 1, pp. 3–4, 6, ¶¶ 7–11, 16]. Towards the end of the hearing, LMDC officers Brown, Morgan, Bowman, and/or Knight used unnecessary force against Childress by "forcefully taking [him] to the ground, placing [him] in a choke hold, rendering [him] unconscious, and unnecessarily grinding [his] face into the floor." *Id.* ¶ 17. The officers' use of force was unnecessary and unprovoked since Childress did not physically or verbally threaten any of the LMDC employees, "including but not limited to Brown, Morgan, Bowman and/or Knight." *Id.* ¶¶ 17–18. Charges were not brought against Childress for anything

1

that happened during the hearing. *Id.* ¶ 20. Childress immediately reported his injuries to the LMDC staff. *Id.* ¶ 19. However, beyond obtaining the officers' accounts of the incident, the matter was not investigated further — even though a video recording contradicts the officers' official accounts. *Id.* ¶ 21. Further, none of the officers were disciplined for their conduct. *Id.*

Childress alleges that, according to local news, LMDC is incapable of providing adequate protection of inmates' constitutional rights. *Id.* ¶ 22. In the 2018 Western District of Kentucky case 3:18–CV–311 (R. 32), he claims LMDC officers were accused of creating false reports to conceal long histories of violent behavior. *Id.* at 7 ¶ 23. The lawsuit alleged that "certain officers were known to violently assault inmates and were not sufficiently disciplined or controlled by the LMDC." *Id.* ¶ 24. Based on those allegations, and despite minimal investigation by the LMDC, the officers were criminally charged and eventually pleaded guilty. *Id.* ¶ 25. In 2020, LMDC was sued by another inmate, who alleged that LMDC officers beat him without provocation. *Id.* ¶ 26. One of the officers involved was also accused of filing false reports related to the incident and was later investigated and terminated. *Id.* ¶¶ 27–28.

Based on these alleged facts Childress asserts, in Count I, violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983; in Count II, general negligence; Count III, negligent hiring, training, and supervision; in Count IV, common law battery; and in Count V, outrage. *Id.* at 7–9 ¶¶ 29–44. The named Defendants in this case are Louisville-Jefferson County Metro Government ("Metro"), the LMDC, a department of the Metro, and LMDC employees Dwayne Clark, Christopher Brown, Tracy Morgan, Benjamin Bowman, and Turhan Knight. *See id.* at 1–2.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" so long as the complaint's factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 577). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The process of determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to the [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### III.    ANALYSIS

In its Motion, LMDC argues that it should be dismissed as a party in this suit because, as a department of Metro, it does not have the capacity to be sued and is not a "person" within the meaning of 42 U.S.C. § 1983. [R. 5–1, pp. 2–3 (citing *Carver v. Louisville/Jefferson Cty. Metro.*

3

*Gov't*, No. 3:12–CV–247–H, 2014 WL 2805539 (W.D. Ky. June 20, 2014))]. LMDC further contends that the "proper" and "only entity capable of being named as a party is [Metro]." *Id.* at 3. In support of its argument, LMDC cited to a Sixth Circuit case and several Western District of Kentucky cases. *See id.* at 2–3.  In Response, Childress argues that the cases relied on by LMDC are irrelevant given the holding in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), which clearly states that "governmental entities can be, and in fact are, sued." [R. 6, p. 2]. The problem with Childress's counterargument, however, is that LMDC is not arguing against *Monell*, which does, in fact, hold that § 1983 plaintiffs can sue "local governing bodies." 436 U.S. at 690. Instead, LMDC is contending that, in accordance with *Monell*, Metro, and not the LMDC, is the "proper local governing body" to sue in this case. [R. 8, p. 1]. The Court agrees.

Section 1983 permits a plaintiff to sue a "person." 42 U.S.C. § 1983. "The Supreme Court has interpreted the word 'person' to include local government bodies (like a county) but not state government bodies (like a state agency)." *Lopez v. Foerster*, No. 20–2258, 2022 U.S. App. LEXIS 8591, at *15 (6th Cir. Mar. 29, 2022). However, even for local governing entities, § 1983 does not change the procedural rules for what entity can sue or be sued. *Id.* The capacity of a governmental entity to sue or be sued in federal court is governed by the law of the state in which the entity was organized. FED. R. CIV. P. 17(b)(3)(A); *see also Lopez*, 2022 U.S. App. LEXIS 8591, at *15–16 (citing FED. R. CIV. P. 17(b)(3)(A)) ("Whether a governmental body has a separate legal existence allowing it to be sued in its own name generally turns on the law of the state that established the body."). In accordance with this rule, the Sixth Circuit has held that "several different types of § 1983 defendants [are] not suable entities [, including] a county's police department … a county's drug task force … and a city's law department." *Lopez*, 2022

U.S. App. LEXIS 8591, at *16; *see also id.* (collecting cases); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (where the Court dismissed the police department as a defendant and held that the only suable party was Jefferson County); *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. 2000) (holding a jail is not subject to suit under § 1983); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (where the Court dismissed the McCracken County Jail as a defendant and determined that "the county was the appropriate party to address [the plaintiff's] suit."); *Gueye v. Richards*, No. 15–6325, 2016 U.S. App. LEXIS 19773, at *4 (6th Cir. Oct. 4, 2016) (holding the Hamilton County Court of Pleas, the Boone County Sheriff's Office, and the Boone County jail are "not legal entities amenable to suit under § 1983").

Courts in the Western District of Kentucky have held that LMDC is not a "person" subject to suit under § 1983, reasoning that because the Sixth Circuit has held that municipal departments, such as jails, are not suable under § 1983, LMDC cannot be considered a legal, suable entity. *See Payne v. Louisville Metro Dep't of Corr.*, No. 3:14–CV–P600–R, 2014 U.S. Dist. LEXIS 150473, at *10 (W.D. Ky. Oct. 21, 2014) (citing *Marbry*, 2000 U.S. App. LEXIS 28072, at *2) ("LMDC is not a 'person' subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983 … Louisville Metro Government is the proper defendant," as it is "a 'person' for purposes of § 1983.") (internal citations omitted); *Ruplinger v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:19–CV–583–DJH–RSE, 2021 U.S. Dist. LEXIS 32333, at *6–7 (W.D. Ky. Feb. 22, 2021) (citing *Marbry*, 2000 U.S. App. LEXIS 28072, at *2) ("LMDC is not a 'person' subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. Louisville Metro Government is the proper defendant," as it is "a 'person' for the purposes of § 1983. Since Louisville Metro

5

Government is a named defendant in this case, the Court will dismiss all claims against LMDC.") (internal citations omitted). There is no cause to reach a different conclusion. Accordingly, because LMDC is not a "person" subject to suit under § 1983, all of Childress's claims against LMDC are dismissed.

## IV. CONCLUSION

For the reasons state above, the Court will grant LMDC's Motion to Dismiss. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss For Failure to State a Claim filed by Defendant Louisville Metro Department of Corrections [R. 5] is **GRANTED**. Plaintiff Childress's claims against Defendant Louisville Metro Department of Corrections are **DISMISSED** with prejudice.

2. The Clerk of Court is **DIRECTED** to terminate Louisville Metro Department of Corrections as a defendant in this matter.

This the 20th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY